49262. KING v. PARAMOUNT ENTERPRISES, INC.

QUILLIAN, Judge.

Paramount Enterprises, Inc. brought this action to recover under the terms of a written instrument against Lonnie C. King, Jr. The complaint alleged that on July 19, 1971 the defendant subscribed for 20,000 shares of the capital stock of the plaintiff corporation by executing a written stock subscription; that there was due and unpaid on the stock purchase contract the sum of $1,980; that, under the provisions of the contract, attorney fees in the amount of 15% and interest at 8% after maturity were also due; that notice required under Code § 20-506 (c), as amended (Ga. L. 1946, pp. 761, 766; 1953, pp. 545, 546; 1957, p. 264; 1968, p. 317) had been given to the defendant. Damages were sought in the amount of $2,277.

The defendant by answer denied the material allegations of the complaint and set out an affirmative defense that agents of the plaintiff had made false statements to the defendant with intention of inducing him to sign the contract and that there was a variance between the contract as agreed upon and the written instrument relied upon by the plaintiff. The defendant

also sought to recover from the plaintiff by way of counterclaim because of alleged fraudulent activity on the part of the plaintiff. The case came on for trial before a judge sitting without a jury who after hearing evidence entered a judgment in favor of the plaintiff in the amount of $1,800 plus attorney fees and interest. The judgment also denied the defendant's counterclaim. Appeal was taken from the judgment. *Held:*

1.   The defendant's contention that the failure to answer the counterclaim amounted to a default is without merit. Under the Civil Practice Act which is controlling here there is no requirement that a counterclaim be answered. CPA § 12 (Code Ann. § 81A-112; Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693).

2.   The trial judge as the trier of fact was authorized by the evidence to find that the defendant failed to sustain his affirmative defense with regard to fraud and failed to establish that the instrument in question had been altered after he signed it by inserting "terms not agreed upon."

3.   The trial judge's refusal to allow the defendant to recall a witness who had already been examined was not error.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED APRIL 1, 1974 — DECIDED MAY 1, 1974.

*Spaulding, LaSonde & Associates, Benjamin W. Spaulding,* for appellant.

*Young & McDaniel, Nicholas C. McDaniel,* for appellee.